# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

**JULY SESSION, 1998**

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | C.C.A. NO. 01C01-9707-CC-00311 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MAURY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES L. WEATHERFORD** |
| **IVAN JIMENEZ,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Community** |
| | ) | **Corrections Revocation)** |

FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MIKE BOTTOMS
District Attorney General

LEE BAILEY
Assistant District Attorney
P. O. Box 1619
Columbia, TN 38464

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On June 14, 1994, Appellant, Ivan Jimenez, pled guilty in Maury County to the sale of cocaine, a Class C felony. Initially the trial court sentenced Appellant to three years, six months to be served in incarceration and the remainder to be served on probation. The trial court also fined Appellant $2,000. The sentence was to run concurrent to sentences from a different Maury County case, to two Giles County cases, and to two Lawrence County cases. On October 12, 1994, the trial court entered an amended judgment, ordering Appellant to three years in Community Corrections, with the first six months of that sentence to be served in the county jail. The other provisions of the judgment remained the same. On August 13, 1996, the trial court revoked Appellant's probation and ordered that he serve 60 days in the county jail before being released on community corrections. On January 6, 1997, the trial court issued a warrant against Appellant for violation of the conditions of Community Corrections. After a hearing on April 24, 1997, the trial court revoked Appellant's community corrections sentence and ordered that "he go into the custody of the sheriff to serve the sentence previously imposed." Appellant appeals from this order of revocation, raising two issues for review:

1. Whether the lack of a judgment in the records setting forth the conditions of Appellant's community corrections sentence precludes revocation of the sentence, and
2. Whether Appellant's sentence after revocation should exceed three years.

After a review of the record, we affirm the judgment of the trial court.

# FACTS

Appellant's original plea was part of a package deal with the State which resolved several drug charges against him in Maury, Giles, and Lawrence Counties. Appellant entered Community Corrections and was monitored by Mr. Glen Smith. Mr. Smith testified at the revocation hearing, stating that he supervised Appellant until September 1995 when Appellant tested positive for marijuana use. Mr. Smith also recounted that Appellant failed to report in consistently, he failed to pay fines, and failed to do community service work. Mr. Smith stated that in his affidavit for revocation he alleged that Appellant had (1) failed to pay supervision fees, (2) failed to pay court costs, (3) failed to maintain gainful employment, (4) failed to pay fines, and (5) failed to do community service work. Mr. Smith testified that when a defendant is assigned to Community Corrections, he fills out a behavioral contract, is told he must pay a certain amount each month to the court clerk and bring the receipt to the case officer, must pay all child support payments and must produce pay stubs to verify employment. Appellant never brought any receipts or pay stubs to Mr. Smith. Appellant never followed up on suggestions regarding where to do community service, and to Mr. Smith's knowledge has not held a job since beginning the Community Corrections program.

Appellant testified that he had recently obtained a job at the Murray Ohio plant in Lawrenceburg. He stated that he was up to date with child support payments, but conceded that his father had made the payments. Appellant testified that he had no physical impairment which would prevent him from working.

## I. Conditions of Community Corrections

Appellant argues that without a judgment before the trial judge setting out the conditions of the community corrections sentence, the judge could not make a conscientious decision as to whether the sentence should be revoked and incarceration ordered. In this particular case we must disagree.

First, this argument has been waived by Appellant's failure to even suggest in the trial court that the lack of a judgment setting forth the conditions of the sentence precluded revocation of the sentence. Failure to raise this issue in the trial court where any prejudicial effect of the alleged error could have been prevented waives appellate review of this issue. Tenn. R. App. P. 36(a); *See, e.g.* Jones v. State, 915 S.W.2d 1,2 (Tenn. Crim. App. 1995).

Moreover, the judgment of conviction provides for $2,000 in fines, while a supervision fee of $15 per month is mandated by statute. *See,* Tenn. Code Ann. § 40-36-306(a). Thus, Appellant was aware, even absent an order setting forth other conditions of his sentence, that he was under an obligation to pay both the fines and the supervision fee. He failed to pay either of these obligations and his failure to do so constitutes sufficient grounds to revoke Appellant's community corrections sentence. State v. William Lewis Reynolds, Giles Co., No. 01C01-9309-CC-00306 (Tenn. Crim. App., filed April 7, 1994, at Nashville), app. denied (Tenn., June 27, 1994).

This issue is without merit.

## II. Imposition of Sentence Following Revocation

Appellant argues that the trial court erred in sentencing him to six years following revocation of his community corrections sentence when he had originally received a three year sentence. However, we find that the sentence following revocation is the original three year sentence and no more.

The confusion on this point arose from an apparent misstatement of the trial judge at the revocation hearing. The trial judge stated:

> "I'm going to revoke his community corrections. The sentence previously imposed, that is a six year sentence, will be served. he's had his chance every way that I see he can have one. So his community corrections program is revoked."

The State concedes that the trial judge misspoke in referring to a six year sentence and that the sentence previously imposed was three years. Indeed, the actual court order revoking community corrections refers only to the sentence "previously imposed," without specifying a term of years.

Although under some circumstances a trial court may, upon revocation of a community corrections sentence, impose a term of incarceration up to the maximum sentence prescribed for the offense, Tennessee Code Annotated § 40-36-106(e)(4), it appears from this record that Appellant's sentence is three years, not six and we so hold.

Accordingly, the judgment of the trial court is affirmed.

-6-

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE